LINDA L. SAGER, ESQ.
Nevada Bar No. 8882
HEROLD & SAGER
500 N. Rainbow Blvd., Suite 300
Las Vegas, NV  89107
(702) 221-1969
(702) 221-1979 FAX
Email: lsager@heroldsagerlaw.com

Attorneys for Plaintiff CHARTIS SPECIALTY INSURANCE COMPANY formerly known as AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARTIS SPECIALTY INSURANCE COMPANY formerly known as AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, A Capital Stock Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN ASPHALT & GRADING COMPANY, and AXIS SURPLUS INSURANCE COMPANY, an Illinois corporation;<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Chartis Specialty Insurance Company formerly known as American International Specialty Lines Insurance Company for its Complaint for Declaratory Relief against American Asphalt & Grading Company and Axis Surplus Lines Insurance Company alleges as follows:

**I.   THE PARTIES**

1.   Plaintiff Chartis Specialty Insurance Company formerly known as American International Specialty Lines Insurance Company (hereafter "Chartis Specialty") is a corporation domiciled in the State of Alaska, with its principal place of business in New York.

2.   Chartis Specialty is informed and believes and on that basis alleges that Defendant American Asphalt & Grading Company (hereafter "AAG") is a corporation domiciled in the State of Nevada, with its principal place of business in Nevada.

3. Chartis Specialty is informed and believes and on that basis alleges that Defendant Axis Surplus Lines Insurance Company ("Axis") is a corporation domiciled in Illinois with its principal place of business in Illinois.

## II. NATURE OF THE CASE

4. This is a civil action for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, et seq. Chartis Specialty seeks a declaratory judgment with respect to insurance coverage under a Commercial General Liability Policy and a Commercial Umbrella Liability Policy (the Policies) issued by Chartis Specialty to AAG for liabilities owed by AAG for wrongful death and bodily injury claims arising from a motor vehicle accident which occurred on December 15, 2006, in North Las Vegas, Nevada.

## III. JURISDICTION AND VENUE

5. Jurisdiction is appropriate under U.S.C. §1332, as there is complete diversity between the parties and the amount in controversy is in excess of the jurisdictional minimum, in that the liabilities including the cost to defend the wrongful death and bodily injury claims against AAG from the foregoing motor vehicle accident are in excess of $100,000. Venue is appropriate because defendants either reside within the District of Nevada or conduct business within the District of Nevada and the issues in dispute occurred in the District of Nevada.

## IV. INSURANCE POLICIES

**A. Chartis Specialty Commercial General Liability Policy**

6. Chartis Specialty issued a commercial general liability policy no. GL178-75-97 to AAG, effective from August 1, 2006 to August 1, 2007. The commercial general liability policy provides limits of $2 million per occurrence. The policy provides, in pertinent part, the following coverage provisions:

**SECTION I - COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. INSURING AGREEMENT

   a. We will pay those sums that the insured becomes legally

obligated to pay as tort damages for bodily injury or property damage caused by an occurrence during the policy period. We will have the right and duty to defend the insured against any suit seeking tort damages for bodily injury and property damage. However, we will have no duty to defend the insured against any suit seeking tort damages for bodily injury or property damage to which this insurance does not apply. ...

The Chartis Specialty Commercial General Liability Policy contains the following pertinent Absolute Wrap-Up Exclusion:

**ABSOLUTE WRAP-UP EXCLUSION**

This endorsement modifies insurance provided under the following form:

Commercial General Liability Coverage Form

The following exclusion is added to paragraph 2. Exclusions of Section I - Coverages, Coverage A - Bodily Injury And Property Damage Liability:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of either your ongoing operations or operations included within the "products-completed operations hazard", which are performed by or on your behalf and which are insured under any Owner Controlled Insurance Program (O.C.I.P.), Contractor Controlled Insurance Program (C.C.I.P.) or other similar program (a "Wrap Up Program").

This exclusion applies whether or not the Wrap Up Program:

 (1) Provides coverage identical to that provided by this Coverage Part;

 (2) Has limits adequate to cover all claims; or

 (3) Remains in effect.

All other exclusions, terms and conditions of the policy remain unchanged.

///

The Chartis Specialty Commercial General Liability Policy contains the following pertinent Self-Insured Retention Endorsement:

> **SELF-INSURED RETENTION ENDORSEMENT**
>
> This endorsement modifies insurance provided under the following form:
>
> Commercial General Liability Coverage Form
>
> I.    **INSURING AGREEMENTS**
>
> SECTION I - COVERAGES, COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. - INSURING AGREEMENT, paragraph a. is deleted in its entirety and replaced with the following:
>
>> a.    We will pay on behalf of the Insured those sums in excess of the Retained Limit that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right but not the duty to defend any "suit" seeking those damages. ...
>>
>> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under ALLOCATED LOSS ADJUSTMENT EXPENSES – COVERAGES A AND B.
>
> ...
>
> II.    **ALLOCATED LOSS ADJUSTMENT EXPENSES – COVERAGES A AND B**
>
> Section I - Coverages, Supplementary Payments – Coverages A And B is deleted in its entirety and replaced with the following:
>
> ALLOCATED LOSS ADJUSTMENT EXPENSES – COVERAGES A AND B

///

> We will pay Allocated Loss Adjustment Expenses for any claim for which we have exercised our right to investigate or settle or for any "suit" against an insured for which we have exercised our right to defend. These payments will not reduce the Limits of Insurance. In addition, we will pay ALAE that you are not responsible for as indicated by the election below. These payments will also not reduce the Limits of Insurance. You are responsible for a percentage of "Allocated Loss Adjustment Expenses" we pay according to the election indicated by an "X" below. If no election is indicated, election i. shall apply.
>
> . . .
>
> [X] iii. A percentage of the total "Allocated Loss Adjustment Expenses". That percentage will be determined by dividing the smaller of: (i) the Retained Limit, or (ii) the total amount of damages up to the Limit of Insurance, by the larger of: (i) the Retained Limit; or (ii) the total amount of damages up to the Limit of Insurance.
>
> > To clarify application of the foregoing formula: If we pay no damages you are responsible for all "Allocated Loss Adjustment Expenses" up to the applicable Retained Limit and 100% of all remaining "Allocated Loss Adjustment Expenses.
>
> . . .

III. **LIMITS OF INSURANCE**

> SECTION III - Limits of Insurance is amended to add the following: The Limits of Insurance for each of the Coverage is provided by this policy will apply in excess of a Self-Insured Retention (referred throughout as the "Retained Limit").

///

The Retained Limit, applying only to damages for "occurrences" or offense is covered under this policy, is $100,000 per "occurrence" or offense.

**B.  Chartis Specialty Commercial Umbrella Liability Policy**

7. Chartis Specialty issued a Commercial Umbrella Liability Policy no. BE-7412390 to AAG, effective from August 1, 2006 to August 1, 2007. The commercial umbrella liability policy provides limits of $25 million per occurrence. The policy provides, in pertinent part, the following coverage provisions:

> I.  **INSURING AGREEMENT -COMMERCIAL UMBRELLA LIABILITY**
>
> > A.  We will pay on behalf of the Insured those sums in excess of the Retained Limit that the Insured becomes legally obligated to pay as damages by reason of liability imposed by law because of Bodily Injury, Property Damage or Personal Injury and Advertising Injury to which this insurance applies or because of Bodily Injury or Property Damage to which this insurance applies assumed by the Insured under an Insured Contract.
>
> . . .
>
> III.  **DEFENSE PROVISIONS**
>
> > A.  We will have the right and duty to defend any Suit against the Insured that seeks damages for Bodily Injury, Property Damage or Personal Injury and Advertising Injury covered by this policy, even if the Suit is groundless, false or fraudulent when:
> >
> > > 1.  The total applicable limits of Scheduled Underlying Insurance have been exhausted by payment of Loss to

which this policy applies in the total applicable limits of Other Insurance have been exhausted;[1]

. . .

        D.      Except as provided in Paragraph A above, we will have no duty to defend any Suit against the Insured …

The Chartis Specialty Commercial Umbrella Liability Policy contains the following Contractors Limitation:

**CONTRACTORS LIMITATION**

This policy is amended as follows:

**Section V. Exclusions** is amended to include the following additional exclusion:

**Contractors**

This insurance does not apply to liability arising out of:

. . .

3.      any project insured under a "wrap up" or any similar insurance plan;

The Chartis Specialty Commercial Umbrella Liability Policy contains the following Schedule Of Underlying Insurance:

**SCHEDULE OF UNDERLYING INSURANCE**

| Type Of Policy Or Coverage | Limits |
|---|---|
| General Liability | $2,000,000 Each Occurrence |

        V.      **UNDERLYING LAWSUITS**

8.      Chartis Specialty is informed and believes and on that basis alleges that in or about 2006, Cheyenne Apartments, PPG, LP ("Cheyenne") and Pacificap Construction Services, LLC ("Pacificap") constructed an apartment building at 2500 East Cheyenne Avenue, North Las Vegas, Nevada ("Cheyenne Apartments Project"), and designed and/or constructed off-site modifications to the roadway near the Cheyenne Apartments.

---

[1] See; Miscellaneous Changes Endorsement; Section III-Defense.

9. Chartis Specialty is informed and believes and on that basis alleges that Cheyenne was the Owner of the Cheyenne Apartments Project; Pacificap was the General Contractor for the Cheyenne Apartments Project; and AAG was a subcontractor for the Cheyenne Apartments Project.

10. Chartis Specialty is informed and believes and on that basis alleges that Pacificap procured a policy of commercial general liability insurance from Axis Surplus Lines Insurance Company (policy no. ELP715691-05). Pursuant to the policy's Schedule of Named Insureds, the "named insureds" are: Pacificap Construction Services, LLC and all subcontractors working on the project at: 2300 E. Cheyenne Avenue, North Las Vegas, NV 89030.

11. Chartis Specialty is informed and believes and on that basis alleges that a motor vehicle accident occurred on December 15, 2006, in North Las Vegas, Nevada. Three vehicles were involved in the accident. Ronald Philips was driving a vehicle eastbound on the 2500 block of East Cheyenne Avenue, North Las Vegas, Nevada. Phillips struck the center median and crossed over into the westbound lanes of traffic striking a vehicle driven by Francisco Guerrero with Tamilo Afuia as a passenger, and striking a vehicle driven by Lori Becerra with Chris Watkins as a passenger. Becerra and her unborn child died as result of the crash.

12. Multiple lawsuits were filed seeking recovery for wrongful death and bodily injuries from the motor vehicle accident, including the following, which were consolidated under the case name: <u>Afusa v Phillips</u>, Clark County District Court Action No. A546833 ("Consolidated Actions"):

| Case Name: | Clark County Action No. |
|---|---|
| *Afusia v Phillips* | No. A546833 |
| *Becerra, et al v Phillips, et al* | No. A550789 |
| *Phillips v State of Nevada* | No. A557146 |
| *Watkins v Phillips, et al* | No. A558847 |
| *American Family v State of Nevada* | No. A569689 |
| *A.I. South Ins. Co. v State of Nevada* | No. A574323 |

13. Chartis Specialty is informed and believes and on that basis alleges that the parties to the Consolidated Actions identified previously herein allege that AAG is partly responsible for conditions on the 2500 block of East Cheyenne Avenue, North Las Vegas, Nevada, that contributed

to the vehicle accident and the consequential wrongful death and bodily injury claims asserted by the Consolidated Actions.

14. Chartis Specialty is informed and believes and on that basis alleges that Cheyenne, Pacificap Holdings, and Pacificap allege that AAG is obligated to indemnify them for the vehicle accident in the consequential wrongful death and bodily injury claims asserted by the Consolidated Actions.

15. Chartis Specialty is informed and believes and on that basis alleges that Axis Surplus Lines Insurance Company ("Axis") is defending Cheyenne, Pacificap and AAG in the consolidated lawsuits identified in paragraph 10 above, under its commercial general liability insurance policy no. ELP715691-05.

16. AAG and Axis tendered defense of AAG in the Consolidated Actions to Chartis Specialty.

## VI. CLAIM FOR DECLARATORY RELIEF

17. Chartis Specialty is informed and believes and on that basis alleges that the Axis Policy is a Wrap Up Policy or similar policy. It is Chartis Specialty's position that there is no coverage under the Chartis Specialty Commercial General Liability Policy and Commercial Umbrella Liability Policy because the liabilities asserted against AAG from the motor vehicle accident arise out of the Cheyenne Apartments Project which are insured under the Axis Wrap Up Policy.

18. It is Chartis Specialty's position that there is no duty to defend AAG under its Commercial General Liability Policy by reason of the amended Insuring Agreement under the Self-Insured Retention Endorsement and the Allocated Loss Adjustment Expenses provision contained in that Policy.

19. It is Chartis Specialty's position that there is no duty to defend AAG under its Commercial Umbrella Liability Policy until after the total applicable limits of Scheduled Underlying Insurance have been exhausted.

///

///

20. Chartis Specialty is informed and believes and on that basis alleges that AAG, Axis and the other defendants dispute the foregoing contentions and, on that basis, an actual controversy exists between plaintiff and defendants.

WHEREFORE, plaintiff prays for judgment as set forth below.

## VII.   PRAYER

1. This Court issue a judicial declaration of the rights, duties and obligations of the parties under plaintiff Chartis Specialty's Commercial General Liability Policy issued to AAG, including a declaration that plaintiff has no duty to defend or indemnify AAG in the Consolidated Actions;

2. This Court issue a judicial declaration of the rights, duties and obligations of the parties under plaintiff Chartis Specialty's Commercial Umbrella Liability Policy issued to AAG, including a declaration that plaintiff has no duty to defend or indemnify AAG in the Consolidated Actions;

3. That this Court award plaintiff its costs of suit; and

4. That this Court award such other and further relief as it deems just and proper.


DATED: December 15, 2010                    HEROLD & SAGER

/s/ Linda L. Sager
LINDA L. SAGER
Counsel for Plaintiff
500 N. Rainbow Blvd., Suite 300
Las Vegas, NV 89107
lsager@heroldsagerlaw.com

COMPLAINT FOR DECLARATORY RELIEF                                CASE NO.: